UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATHRYN RODRIGUEZ, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>HIRSHBERG ACCEPTANCE CORP.,<br><br>Defendant. | Case No.  18-cv-00240 |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1. Plaintiff brings her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251 *et seq.* ("MRCPA") for Defendant's inclusion of improper costs when applying for writs of garnishment through the Michigan State Court. This case involves the same issues presented to Chief Judge Jonker in the *In re FDCPA Cognate*

*Cases*, but this Defendant was not part of that consolidated action.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331 for the claims arising under 15 U.S.C. § 1692 *et seq.*, and 28 U.S.C. § 1367 for the state law claims arising out of a common nucleus of operative facts.

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and the Michigan Regulation of Collection Practices Act, M.C.L. § 445.251 *et seq.* by Defendant in its illegal efforts to collect an impermissible amount of money via postjudgment garnishments.

4. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendant transacts business in Ionia County.

## PARTIES

5. Plaintiff Kathryn Rodriguez is a natural person who resides in the County of Ionia, State of Michigan.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. §1692k(a).

7. Plaintiff is a "consumer" as the term is defined by M.C.L. § 445.251(1)(d).

8. Plaintiff is a "debtor" as the term is defined by M.C.L. § 445.251(1)(d).

9. Defendant, Hirshberg Acceptance Corp., (hereinafter "Defendant" or "HAC") is a domestic corporation.

10. Defendant uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

11. Defendant's business principal purpose is the collection of debts.

12. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Defendant and each of its agents is a "regulated person" as that term is defined at M.C.L. § 445.251(1)(g).

## ALLEGATIONS

14. "The amount due is at the heart of a collection action, so misstating that amount by claiming costs that are actually not due, even if only by tens of dollars, is materially misleading for FDCPA purposes." *Williams v Weltman, Weinberg & Reis Co, LPA (In re FDCPA Cognate Cases)* 2016 U.S. Dist. LEXIS 44039, at *28 (W.D. Mich., Mar. 28, 2016).

15. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes ("the Debt") sometime prior to 2007.

16. The Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. The Debt is a "debt" as that term is defined by MCL § 445.251(1)(a).

18. Plaintiff defaulted on the Debt sometime prior to August of 2007.

19. After defaulting on the Debt, it was sold, assigned, consigned, placed, or otherwise transferred to Defendant for collection from Plaintiff.

20. In September of 2007 Defendant filed a civil complaint regarding the Debt in the 64-A District Court for the County of Ionia, the case number being 07-2255-GC (the "State Court Matter").

21. On or about November 20, 2007, a Default Judgment was entered against Plaintiff in the State Court Matter by the 64-A District Court Clerk in the amount of $6429.85. *See* Exhibit A.

22. Defendant's Request and Affidavit, dated November 6, 2007, indicates that HAC's claim "is not based on a note or other written evidence of indebtedness."

23. HAC is therefore limited to postjudgment interest in the State Court Matter pursuant to M.C.L. § 600.6013(8).

24. The Sixth Circuit held that "if a debt collector seeks fees to which it is not entitled, it has committed a prima facie violation of the [Fair Debt Collection Practices] Act…." *Wise v Zwicker & Assocs., P.C.*, 780 F.3d 710, 713 (6th Cir. 2015).

25. HAC may only add interest to its judgment against Plaintiff in the State Court Matter in accordance with Michigan law.

26. Defendant claimed, in a Request and Writ for Garnishment dated March 17, 2017, that "[t]he total amount of postjudgment costs accrued to date is $266.00." *See* Exhibit B.

27. Defendant claimed, in its Request and Writ for Garnishment dated on or about March 17, 2017, that "the total amount of judgment interest accrued to date is $3595.55."

28. Defendant claimed, in a Request and Writ for Garnishment dated on about March 17, 2017, that "[t]he total amount of postjudgment costs accrued to date is $266.00."

29. Defendant claimed, in its Request and Writ for Garnishment dated August 1, 2016, that "the total amount of judgment interest accrued to date is $3354.20." *See* Exhibit C.

30. Defendant claimed, in its Request and Writ for Garnishment dated August 1, 2016, that "[t]he total amount of postjudgment costs accrued to date is $266.00."

31. Under Michigan law, "[i]f the garnishee is not indebted to the defendant, does not hold any property subject to garnishment, and is not the defendant's employer, the

plaintiff is not entitled to recover the costs of that garnishment." MCR 3.101(R)(2).

32. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated March 17, 2017.

33. Defendant materially misstated the amount of costs accrued in its Request for Writ of Garnishment dated March 17, 2017.

34. Defendant materially misstated the amount of judgment interest Plaintiff owed in its Request for Writ of Garnishment dated March 17, 2017.

35. Defendant materially misstated the amount Plaintiff owed in its Request for Writ of Garnishment dated August 1, 2016.

36. Defendant materially misstated the amount of costs accrued in its Request for Writ of Garnishment dated August 1, 2016.

37. Defendant materially misstated the amount of judgment interest Plaintiff owed in its Request for Writ of Garnishment dated August 1, 2016.

38. Defendant is attempting to collect an amount not owed by Plaintiff in the State Court Matter.

39. Plaintiff is seeking fees to which it is not entitled to in the State Court Matter.

40. Plaintiff has suffered an injury in fact traceable to Defendant's conduct that is likely to be redressed by a favorable decision in this matter.

41. As a direct, actual, and proximate result of the acts and omissions the Defendant, Plaintiff has suffered actual damages and her substantive right to be free of attempts to collect money that cannot legally be sought under Michigan law.

## COUNT I.
## VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the cited

provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

44. Defendant violated 15 U.S.C. § 1692e.

45. Defendant violated 15 U.S.C. § 1692e(2)(A).

46. Defendant violated 15 U.S.C. § 1692e(10).

47. Defendant violated 15 U.S.C. § 1692f.

48. Defendant violated 15 U.S.C. § 1692f(1).

49. Plaintiff brings this Count (the "FDCPA Class") on behalf of:

    All judgment debtors who were subject to a Michigan garnishment, where Hirshberg Acceptance Corp. was the state court plaintiff seeking the garnishment, from a date one-year prior to the filing of this lawsuit to the date of this lawsuit, that included in the amount of the unsatisfied judgment then due either the costs of the garnishment, or the costs of a prior garnishment before Hirshberg Acceptance Corp. had received either a disclosure for the prior garnishment indicating the garnishee owed money to, held property of, or employed the judgment debtor, or actual payment on the prior garnishment fro the garnishee.

50. Such a similar class can be certified by the Court. *See Anda v. Roosen Varchetti & Oliver, PLLC,* 2016 U.S. Dist. 185723 * 5-6 (W.D. Mich. Oct. 31, 2016) (Jonker, C.J.).

51. Plaintiff has retained Curtis C. Warner who is experienced in FDCPA and other consumer class actions.

## COUNT II.
## VIOLATIONS OF THE
## MICHIGAN REGULATION OF COLLECTION PRACTICES ACT

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the MRCPA including, but not limited to, each and every one of the above-cited provisions of the MRCPA, M.C.L. § 445.251 *et seq.*, with respect to Plaintiff.

54. Defendant violated M.C.L. § 445.252(a).

55. Defendant violated M.C.L. § 445.252(e).

56. Defendant violated M.C.L. § 445.252(f)(ii).

57. Defendant violated M.C.L. § 445.252(n).

58. Defendant violated M.C.L. § 445.252(q).

59. Plaintiff brings this Count (the "MRCPA Class") on behalf of: All judgment debtors who were subject to a Michigan garnishment, where Hirshberg Acceptance Corp. was the state court plaintiff seeking the garnishment, from a date six-years prior to the filing of this lawsuit to the date of this lawsuit, that included in the amount of the unsatisfied judgment then due either the costs of the garnishment, or the costs of a prior garnishment before Hirshberg Acceptance Corp. had received either a disclosure for the prior garnishment indicating the garnishee owed money to, held property of, or employed the judgment debtor, or actual payment on the prior garnishment fro the garnishee.

60. Such a similar class can be certified by the Court. *See Anda v. Roosen Varchetti & Oliver, PLLC,* 2016 U.S. Dist. 185723 * 5-6 (W.D. Mich. Oct. 31, 2016) (Jonker, C.J.).

61. Plaintiff has retained Curtis C. Warner who is experienced in FDCPA and other consumer class actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered in her and the class' favor and against Defendant as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of statutory damages of the lesser of $500,000 or 1 per centum of the net worth pursuant to 15 U.S.C. §1692k(a)(2)(B) against Defendant and for the class;

- Certify this matter as a class action, appointing Plaintiff as the class representative, and her counsel as class counsel;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff.

- for damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff and the class;

- for treble damages pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff and the class;

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2) against Defendant and for Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Golden Law Offices, P.C.
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com

Curtis C. Warner (P59915)
Warner Law Firm, LLC
350 S. Northwest HWY,
Ste. 300
Park Ridge, IL 60068
(847) 701-5290 (TEL)
cwarner@warner.legal